Order of surrogate reversed and proceedings remitted to him, with direction to entertain application and administer the proper remedy.

---

MICHAEL COYLE, RESPONDENT, *v.* HENRY E. PIERREPONT, JR., AND OTHERS, APPELLANTS.

*Negligence — liability of one renting machinery, which is run by an engineer selected by him, to a third person injured by the negligence of the engineer.*

The plaintiff was employed by a stevedore to assist in unloading a vessel. The stevedore leased from the defendants an engine and boiler, which was in charge of and run by an engineer employed by the said defendants. Four wooden boxes were placed in a sling and hoisted by a rope running through blocks. The engineer hoisted and lowered as directed by the stevedore's men. The plaintiff claimed that the engineer lowered the boxes too rapidly and then stopped suddenly, thereby causing a box to fall from the sling upon the plain-

tiff and injuring him. The machinery was in good order and there was no evidence to show that the engineer was incompetent:

*Held,* that the plaintiff could not recover, for two reasons:

*First.* Because the defendants had fully performed their duty when they furnished suitable and safe machinery and a competent engineer.

*Second.* Because, even if they had failed so to do, they were not liable to the plaintiff therefor, as the relation of master and servant did not exist between them.

APPEAL from a judgment in favor of the plaintiff, entered upon the verdict of a jury.

*Thomas S. Moore,* for the appellants.

*J. D. Bell,* for the respondent.

DYKMAN, J.:

This is an action for the recovery of damages resulting from personal injuries sustained by the plaintiff. At the time of the accident he was in the employ of Michael Gillen, a stevedore, who was employed by the owners of a vessel to unload her cargo of castor oil contained in wooden boxes about two feet square and weighing about 200 pounds each. To obtain the power for hoisting, Gillen leased of the defendants an engine and boiler in charge of their engineer, who had charge of the engine. Four of the boxes were placed in a sling and hoisted out of the vessel by means of a rope running through two blocks; one fastened to the dock and the other suspended from a crane above the deck of the vessel. The power came from the engine, and Gillen's men had charge of the unloading. Two of his men, called gang-way men, told the engineer when to hoist and when to lower, and he obeyed their directions. It was the claim of the plaintiff that his injuries came and were caused by lowering the boxes too fast, and then stopping them suddenly, whereby they fell out of the sling and struck him. The defendants controverted this position, but the jury found for the plaintiff, and so the facts must be assumed in favor of his contention. The verdict came, however, under a charge that the defendants stood in the place of the engineer and were responsible to the plaintiff for his acts. To this there was an exception and we must ascertain whether it was erroneous. A few additionable facts are important. The plaintiff was not the servant of the defendants, and they owed him no duty resulting from any privity between them.

They might be liable to him or any other person by directing the commission of an act eminently dangerous to the lives of others, or which when done would be the creation of a nuisance. Neither of these positions can be assumed in this case. The machinery here was perfect and in order, and there is no evidence that the engineer was incompetent, unless such incompetence may be inferred from the fact that he allowed the boxes to run down too fast, and that is not a legitimate inference, because the hoisting and lowering was under the direction of the gang-way men of Gillen. Besides all this, there is nothing to show negligence of the defendants in his employment, and the simple fact charged against him does not show incompetence. The defendants performed their contract and duty when they furnished suitable and safe machinery and a competent engineer. The engine might become unsafe or disordered by use, or the engineer might make a mistake in the performance of his duties, but that was as well known by Gillen and the plaintiff as to the defendants; and if injury came from either of these causes, the defendants are not responsible when they furnished an article not dangerous in itself, in good order and condition, and in the possession an control of a competent person. Besides all this, the defendants owed no duty to the plaintiff to furnish safe machinery or a safe engineer, because the relation of master and servant was not established between them. In the case of *King* v. *New York Central and Hudson River Railroad* (66 N. Y., 181), it was decided that where the owner of a piece of machinery, not in its nature dangerous, allows another person competent to manage it to take and use it, and while in the possession and use of the other it becomes defective and injures a third person, the owner is not liable. The difference between that case and this is, that here the injury was caused by the misconduct of the engineer, and there it came from a defect in the machine; but so far as liability of these defendants is concerned, it is an authority in their favor. The case of *Burke* v. *De Castro, etc.* (11 Hun, 354), was precisely like this, except that the injury came from a defect in the rope used for hoisting, and the Supreme Court in this district decided that the defendant owed the plaintiff no duty in regard to the machinery rented to his employer, and that the action could not be sustained. We cannot

find that this decision has been disturbed by the Court of Appeals, and although in that case also the injury came from a defect in the rope, yet we think the principle decided will include and control this case.

The judgment should be reversed and a new trial granted, with costs to abide the event.

Pratt, J., concurred.

Present — Barnard, P. J., Dykman and Pratt, JJ.

Judgment reversed and new trial granted, costs to abide event.